1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEY SOURCE INTERNATIONAL,
INC., a California corporation,

       Plaintiff,

  v.

APEX MARITIME SHIPPING
COMPANY, HARTFORD FIRE
INSURANCE COMPANY,
and DOES 1 to 100, inclusive,

       Defendants.

————————————————/

No. C 09-02389 WHA

**ORDER: (1) GRANTING
HARTFORD'S MOTION TO
DISMISS PLAINTIFF'S SEVENTH
CLAIM WITH LEAVE TO AMEND
AND (2) DENYING MOTION TO
DISMISS PLAINTIFF'S EIGHTH,
NINTH AND ELEVENTH CLAIMS**

**INTRODUCTION**

    In this action, defendant Hartford moves to dismiss plaintiff's seventh, eighth, ninth,

and eleventh claims of the complaint pursuant to FRCP 12(b)(6).[*] The seventh claim alleges

fraudulent misrepresentation of insurance coverage by defendant. Because this claim fails to

state a specific factual basis, defendant's motion to dismiss the seventh claim is **GRANTED**

**WITH LEAVE TO AMEND.** The eighth claim alleges breach of an implied covenant of good faith

and fair dealing by defendant. The ninth claim alleges negligence by defendant in handling

---

[*] Defendant has stated a motion to dismiss plaintiff's tenth claim for declaratory relief, but it is the
*eleventh* claim in the complaint that addresses declaratory relief. Because defendant's briefs speak to the
declaratory relief issue, the Court assumes that defendant intended to dismiss plaintiff's eleventh, and not tenth,
claim.

1   Key Source International. Inc.'s insurance claim.  These two claims are not time-barred by the

2   two-year statute of limitations.  Accordingly, defendant's motion to dismiss these claims is

3   **DENIED**.  The eleventh claim for declaratory relief requests a determination of the prospective

4   rights and obligations between plaintiff and all defendants.  This claim has a proper basis and

5   defendant's motion to dismiss the eleventh claim is, therefore, **DENIED**.

6                                    **STATEMENT**

7        Key Source International, Inc. ("KSI"), is a California corporation that conducts business

8   with Heng Yu Electric Manufacturing Co., Ltd. ("Heng Yu"), a keyboard manufacturer based

9   in Hong Kong.  Apex Maritime Shipping Company ("Apex") is hired by KSI to regularly

10  transport keyboards manufactured by Heng Yu from Hong Kong to Oakland, California.

11  These international shipments are insured under a "Worldwide Transportation Policy"

12  purchased from Hartford Fire Insurance Company by KSI.

13       In August 2006, Heng Yu manufactured 450 computer keyboards for KSI and

14  delivered them to Apex for shipment from Hong Kong to Oakland, California (Compl. ¶ 9).

15  Apex allegedly placed the keyboards into an Apex shipping container alongside combustible

16  materials.  On September 3, 2006, while in transit on a port in China, the shipping container

17  holding the keyboards caught on fire and the keyboards were destroyed.  KSI subsequently

18  ordered an additional 450 keyboards from Heng Yu and paid the inspection fees, import duties,

19  and rush air transport charges for the replacement shipment (*id*. at ¶ 14–15).  KSI estimates the

20  total damages resulting from the fire at $32,631.40 (*id*. at ¶ 34).

21       Under KSI's policy, Hartford provided insurance coverage for free on board shipments

22  (Exh. 7).  FOB Hong Kong meant that responsibility for the shipments shifted to KSI when the

23  goods left the seller's Hong Kong premises.  Accordingly, for KSI to make a successful insurance

24  claim, the risk of loss for the keyboards must have already passed from Heng Yu to KSI when

25  the keyboards were damaged.  If responsibility remained with Heng Yu at the time of the fire,

26  the policy does not cover the loss.

27       On September 29, 2006, Hartford received an insurance claim from KSI for damages

28  arising out of the September 3 incident.  Mr. Hermann, a Hartford claims representative, denied

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1    KSI's claim on January 23, 2007, on the grounds that "[KSI] did not have insurable interest on

2    this shipment" because it had not yet passed the ship rails in Hong Kong (Exh. 5).  Mr. Hermann

3    determined the ship rails as the point at which responsibility shifted from Heng Yu to KSI per

4    the FOB definition.  On May 30, 2007, Mr. Hermann reopened the file to investigate the

5    applicable term of sale to the shipment.  This investigation was apparently necessary since no

6    term of sale was stated on KSI's purchase order with Heng Yu.  KSI's shipping order with Apex,

7    however, stated a term of Container Freight Station ("CFS").  This term meant that Apex would

8    pack KSI's keyboards with non-KSI goods when they did not fill a full container, with the carrier

9    taking responsibility of the cargo (Exh. 8).  On September 11, 2007, KSI's claim was again

10   denied on Mr. Hermann's investigation and finding that the shipment was under FOB Hong

11   Kong, which placed the risk of loss on Heng Yu at the time of the fire (Exh. 7).  KSI wrote a

12   letter to Mr. Hermann on September 19, 2007, explaining that Mr. Hermann misunderstood the

13   applicable shipping terms and wrongfully denied its claim.  On October 22, 2007,  KSI's claim

14   was denied for a third time.

15        KSI filed suit against Apex and Hartford on April 24, 2009, alleging multiple state

16   contract and tort claims and requesting declaratory relief.  Hartford now moves to dismiss the

17   seventh, eighth, ninth, and eleventh claims contained in plaintiff's complaint.

18                                                **ANALYSIS**

19        A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged

20   in the complaint.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

21   Material factual allegations of the complaint are taken as true and construed in the light most

22   favorable to the nonmoving party.  Courts are not bound to accept as true "a legal conclusion

23   couched as a factual allegation" and the claim must be factually supported and plausible on its

24   face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009).  The movant bears the burden of

25   demonstrating failure to state a claim in accordance with these pleading requirements.

26        Courts may take judicial notice of documents that are submitted as part of plaintiff's

27   complaint.  *Lee v. Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).  Copies of KSI's shipping

28   order with Apex, KSI's insurance policy with Hartford, and Hartford's correspondence with

                                                    3

KSI are the proper subjects of judicial notice.  These documents will be treated as part of the complaint for purposes of this FRCP 12(b)(6) motion.

**1.    STATUTE OF LIMITATIONS.**

Hartford asserts a statute of limitations defense against plaintiff's eighth claim, which alleges breach of good faith and fair dealing, and plaintiff's ninth claim, which alleges negligence.  Under Section 339.1 of the California Code of Civil Procedure, these claims should have been brought against defendants within two years of discovery of loss.  The accrual period begins running upon the occurrence of the last element essential to plaintiff's claim. *Brandon G. v. Gray*, 111 Cal. App. 4th  29, 34 (Ct. App. 2003).

KSI submitted an insurance claim to Hartford on September 29, 2006.  Hartford reviewed and denied the claim on January 23, 2007.  KSI filed suit on April 24, 2009.  Hartford argues that the January 23, 2007, rejection commenced the accrual period on KSI's implied covenant and negligence claims and, therefore, KSI's filing surpassed the limitations period by ninety days.  The late filing arguably bars the eighth and ninth claims.  KSI, however, contends that its claims are preserved by equitable estoppel.  The equitable estoppel doctrine allows a plaintiff to extend the statute of limitations period because of actions taken by the defendant to prevent the plaintiff from timely filing the suit.  *See Chase v. Blue Cross of Cal.*, 42 Cal. App. 4th 1142, 1157 (Ct. App. 1996).  KSI argues that Mr. Hermann intentionally misrepresented the applicable shipping terms to KSI which caused "reasonable reliance, confusion and delay" such that KSI mistakenly initiated suit against Heng Yu before bringing its claims against Hartford.

The equitable estoppel argument is irrelevant because this order finds that KSI properly filed suit within the two-year statute of limitations period.  In a "bad faith" claim, the accrual period begins when the insurer formally denies the insured's claim.  It is only until the claim has been rejected that the insured can allege that the insurer breached a duty of good faith and fair dealing in its actions.  If, however, the insurer continues to collect evidence and informs the insured of this action, the insurer has not yet committed an act of bad faith.  *Frazier v. Metro. Life Ins. Co.*, 169 Cal. App. 3d 90, 104 (Ct. App. 1985).

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1    Here, Hartford mailed an initial rejection of KSI's claim on January 23, 2007.  In the

2  letter, Mr. Hermann explained that denial of KSI's claim was founded on his finding that "the

3  [keyboard] shipment was moving under the term of FOB Hong Kong."  He further stated, "[t]he

4  location of the fire has been determined as taking place on the docks in Hong Kong and therefore

5  proving that the insurable interest has not passed from the shipper to your company" (Exh. 5).

6  These statements communicated Mr. Hermann's understanding of the shipping terms to mean

7  that the risk of loss did not lie with KSI while shipments sat on the docks.  The January 23 letter

8  invited KSI to submit further information for review if KSI disagreed with Hartford's

9  determination.  This portion of the letter indicates that the January 23 rejection was not a

10  *final decision* as the claim could be reconsidered.

11    Hartford re-opened KSI's file and on May 30, 2007, Mr. Hermann solicited documents

12  from both Heng Yu and KSI regarding the relevant term of sale to the shipment, including their

13  manufacturing contract.  This secondary investigation was necessary because no term of sale

14  was declared on KSI's purchase order with Heng Yu despite being required by contract.

15  Mr. Hermann's email to KSI on May 30 also requested answers to questions about the scope

16  of KSI's transportation arrangements and whose responsibility it was to insure the keyboard

17  shipment (Exh. 6).  Then, in a letter dated September 11, 2007, Mr. Hermann wrote that the

18  secondary review was complete and explained that an email response from Heng Yu confirmed

19  his previous FOB Hong Kong finding (Exh. 9).  Because Hartford was still collecting and

20  evaluating evidence from both parties until September 11, KSI's claim remained active until

21  that date.  The second letter essentially communicated to KSI that its claim would no longer be

22  actively reconsidered.  At that point, KSI could argue that Hartford denied its claim in bad faith

23  or conducted its investigation negligently.  The third letter, dated September 22, 2007, simply

24  clarified the grounds for Hartford's denial.

25    Since the two-year limitations period did not start to run until Hartford ended its claim

26  investigation on September 11, 2007, KSI's filing of its lawsuit on April 24, 2009, was timely.

27

28

**United States District Court**
For the Northern District of California

1

2.    FRAUD.

2       Hartford argues that KSI's seventh claim for fraudulent misrepresentation is factually

3    insufficient because it raises only general allegations.  When accusing a corporation of fraud,

4    FRCP 9(b) requires that the plaintiff plead specific facts as to "the names of the persons who

5    made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

6    what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mutual Auto.*

7    *Ins. Co.*, 2 Cal. App. 4th 153, 157 (Ct. App. 1991).

8       KSI argues that these facts are pleaded throughout the complaint and its attached exhibits,

9    which are incorporated by reference.  KSI's seventh claim, though, alleges that Hartford willfully

10   concealed facts from KSI at the time it issued the subject policy and never intended to insure

11   KSI for its international shipments (Compl. ¶ 60–61).  Specific facts as to these allegations are

12   not found within the exhibits, which only contain copies of KSI's policy and Hartford's written

13   correspondence with KSI regarding its claim.  These documents do not provide an account of the

14   circumstances constituting fraud.  KSI does not argue this point.  The seventh claim for fraud is

15   dismissed with leave to amend so that plaintiff may cure its deficiencies.

16   3.    DECLARATORY RELIEF.

17      Hartford argues that KSI's eleventh claim for declaratory relief is invalid because

18   declaratory relief cannot operate where a party has a fully matured claim for money.  Since KSI

19   has brought a breach of contract claim, Hartford contends that KSI is seeking redress for past

20   conduct for which the only available remedy is monetary damages.  This is a misapplication of

21   the law.  Declaratory relief is available whenever "there is a controversy which calls for a

22   declaration of rights" and "it is no objection that past wrongs are [also] to be redressed."  *Cal.*

23   *Union Ins. Co. v. Trinity River Land Co.*, 105 Cal. App. 3d 104, 110 (Ct. App. 1980) (internal

24   citation omitted).  Plaintiff's complaint clearly alleges the existence of a present controversy as to

25   the future liability of KSI under its insurance policy with Hartford.  Accordingly, KSI's claim for

26   declaratory relief is preserved.

27

28

1

**CONCLUSION**

2          For the foregoing reasons, defendant's motion to dismiss the seventh claim for fraud is

3   GRANTED WITH LEAVE TO AMEND.  Defendant's motion to dismiss the eighth claim for breach

4   of the implied covenant of good faith and fair dealing and the ninth claim for negligence is

5   DENIED.  Defendant's motion to dismiss the eleventh claim for declaratory relief is also DENIED.

6

7          **IT IS SO ORDERED.**

8

9   Dated:  July 20, 2009.

10                                                    WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California